# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | | |
|---|---|---|---|
| **ERINYS IRAQ LTD.**, | | * | |
| | Plaintiff, | * | |
| v. | | * | No. 07-340C |
| **THE UNITED STATES**, | | * | (Filed June 1, 2007) |
| | Defendant, | * | |
| and | | * | |
| **AEGIS DEFENCE SERVICES LTD.**, | | * | |
| | Defendant-Intervenor. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER GRANTING TEMPORARY INJUNCTIVE RELIEF

This pre-award bid protest action is before the court on Motion of Plaintiff Erinys Ltd. for a Temporary Restraining Order and/or Preliminary Injunction filed this date. A hearing was held this date on plaintiff's motion, which seeks to enjoin the United States Joint Contracting Command-Iraq/Afghanistan (the "JCC-I/A") from awarding a contract under Solicitation No. W91GXZ-07-R-0004 (the "solicitation"), until the court rules on plaintiff's Complaint for Declaratory Injunctive, and Monetary Relief, which, *inter alia*, would order plaintiff's reinstatement into the competitive range. At the conclusion of the hearing, the court ruled from the bench that plaintiff had established its entitlement to a temporary restraining order and granted the emergency relief for a period not to exceed 5:30 p.m. on Thursday, June 7, 2007, unless further extended by the court. This order incorporates that ruling.

The standards for obtaining emergency relief are the same as those that must be satisfied before a preliminary injunction may issue. The movant must show 1) that it has a likelihood of success on the merits; 2) that it will suffer irreparable injury if the procurement is not enjoined; 3) that the harm that it will suffer outweighs the harm to the Government and to third parties; and 4) that the grant of relief serves the public interest. See FMC Corp. v.

United States, 3 F.3d 424, 427 (Fed. Cir. 1993); Chrysler Motors Corp. v. Auto Body Panels of Ohio, Inc., 908 F.2d 951, 952 (Fed. Cir. 1990); Zenith Radio Corp. v. United States, 710 F.2d 806, 809 (Fed. Cir. 1983); see also Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 842-43 (D.C. Cir. 1977) (stating that likelihood must be "probable"). No one factor is dispositive, however, when denying injunctive relief, the absence of an adequate showing as to any one factor may be sufficient, given the weight or lack of it assigned to the other factors, to justify denial. See FMC Corp., 3 F.3d at 427.

Plaintiff has shown a probable likelihood of success on the merits that JCC-I/A violated applicable law by failing to follow the solicitation's requirements insofar as the agency performed no price realism analysis. Solicitation § M.4.1, in respect of the offerors, including plaintiff, defendant-intervenor Aegis Defence Services Ltd., and Armor Group North America.

Absent injunctive relief, plaintiff would be irreparably damaged, and an action at law would be unavailing, because plaintiff could recoup only its bid preparation costs in a suit for damages, but not loss of anticipated profits. See M. Steinthal & Co. v. Seamans, 455 F.2d 1289, 1302 (D.C. Cir. 1971); Essex Electro Eng'rs, Inc. v. United States, 3 Cl. Ct. 277, 287 (1983). Plaintiff's declarant Michael Hutchings established that plaintiff will lose its workforce, absent immediate injunctive relief. Spherix, Inc. v. United States, 62 Fed. Cl. 497, 506 (2004).

Plaintiff has shown that the harm to plaintiff outweighs the harm to defendant-intervenor, because plaintiff is an incumbent with its highly trained workforce already in place. JCC-I/A is not prejudiced insofar as the two incumbents can continue contract performance.

The public interest in making procurement dollars available to qualified contractors will be served by enjoining expenditure of funds under the contract, given that plaintiff has made the required showing that the evaluation of offerors' proposals was unreasonable as contrary to the solicitation's requirement. Accordingly,

**IT IS ORDERED**, as follows:

1. Defendant, its officers, agents, employees, and all other persons acting in connection therewith shall not award a contract issued by the Joint Contracting Command-Iraq/Afghanistan pending dissolution of this restraining order by 5:30 p.m. E.S.T. on June 7, 2007, or a continuation thereof.

2. Aegis Defence Services Ltd.'s oral motion to intervene as a matter of right pursuant to RCFC 24(a) is granted.

3. Plaintiff's Motion for Entry of a Protective Order filed this date is granted, and the proposed Protective Order [5]shall enter this date. Defendant-Intervenor Aegis Defence Services Ltd. shall file an expanded ¶14 thereof.

4. Plaintiff's Motion To File Documents Under Seal filed this date is granted. The Clerk of the Court shall place this case under seal pending further order of the court.

5. The Transcript of Proceedings held this date is made subject to the Protective Order entered this date.

6. Defendant has waived the requirement that plaintiff give security pursuant to RCFC 65(c).

7. A subsequent hearing on the continuation of the temporary restraining order shall be held at 3:00 p.m. on Thursday, June 7, 2007, in the Howard T. Markey National Courts Building.

s/ Christine O.C. Miller

________________________________

**Christine Odell Cook Miller**
Judge